CARMEN RITA YÑIGO, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 841. Argued April 14, 1931.—Decided April 17, 1931.

*José Sabater* for appellant. The registrar did not appear.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

To the Registrar of Property of Mayagüez there was presented for record in the registry a deed executed before notary Enrique Báez, acting as substitute for notary José Sabater, whereby the marshal of the District Court of Mayagüez sold to Carmen Yñigo a property located in the ward of Sábalos, Mayagüez, and which, according to the deed itself, appeared recorded in the name of Carmen Antonia and Olga Echeandía e Yñigo, minor children of Ramón Echeandía, who had acquired the same from Alfredo Ramírez de Arellano and paid a part of the purchase price thereof in cash out of his separate estate. The said property had been attached pursuant to an order of the District Court of Mayagüez entered in a suit brought by Antonio González

Suárez against Ramón Echeandía, wherein the former had obtained a judgment against the latter for three thousand five hundred dollars, together with interest thereon and two hundred dollars as attorney's fees.

In the writ of execution issued the marshal was directed to have the said sums satisfied out of the personal property of the debtor, or, if such property should be insufficient therefor, then out of the real property belonging to said debtor. The plaintiff designated for the marshal the property to be sold at public auction, including all the right, title, and interest which the defendant, Ramón Echeandía, might have in the property to which we have already referred. The public sale was advertised and held; and by virtue thereof the deed on which this appeal is based was executed. In the said deed all the right, title, and interest of the defendant, Ramón Echeandía, and of his minor children, Carmen Antonia and Olga Echeandía, in the said property are conveyed to Mrs. Carmen Rita Yñigo.

The Registrar of Property of Mayagüez entered the following ruling:

"Record is denied of the judicial sale evidenced by the foregoing instrument, which is deed No. 110 executed on July 1, 1930, in Mayagüez, before notary Enrique Báez García acting as substitute for his colleague, José Sabater y García, and a cautionary notice is entered instead for a period of 120 days, for all legal purposes, in favor of the purchaser Carmen Rita Yñigo, widow of Rodríguez, as the property described in the said deed appears recorded in the name of the minors, Carmen Antonia and Olga Echeandía, and although the marshal of the District Court of this city sold at the public auction all the title, right, and interest which the defendant, Ramón Echeandía, and his minor children have or might have in the said property, it does not appear from the said instrument that said minors were parties to the suit, nor that they were heard and defeated therein; all of which is entered at the back of folio 80, volume 199 of this city, property number 2042, entry letter 'B', subject to the curable defect of a failure to show the power and capacity in which Antonio Alemañy Oliver accepted the contract on behalf of the purchaser, Mrs. Carmen Rita Yñigo. The above

property appears encumbered by a mortgage in favor of Alfredo Ramírez de Arellano.''

The registrar is right. The minors, record owners of the said property, do not appear to have been parties to the suit; it rather appears from the documents copied into the deed that they were not. The first paragraph of the writ so transcribed is as follows:

''Whereas, on November 6, 1929, Antonio González Suárez, plaintiff, recovered a judgment in the District Court for the judicial District of Mayagüez, Puerto Rico, against Ramón Echeandía for the sum of three thousand five hundred dollars, with interest at the rate of one per cent per month from September 30 of 1929, till paid, two hundred dollars as attorney's fees, costs, and disbursements at the date of said judgment, and accruing costs, as appears of record.''

And the order reads thus:

''Now, you, the said marshal, are hereby required to make the said sums due on the said judgment, with interest as aforesaid, and costs and accruing costs, to satisfy the said judgment, out of the personal property of said debtor; or if sufficient personal property cannot be found, then out of the real property in your district belonging to him, on the day whereon said judgment was docketed in the said district court, or at any time thereafter, and make return of this writ within sixty days after your receipt thereof, with what you have done indorsed hereon.''

A marshal, an executive officer, has no right to enlarge or arbitrarily execute the orders received by him; he must be governed strictly by what the court decreed and what the clerk directed him to do. If he should include the property of the minor children of a defendant with no writ therefor, he would be acting in excess of his authority and his action would be null and void. We do not find that any authority exists under the said documents to convey any right or title belonging to the minors herein. The auction certificate refers to ''all the right, title, and interest which the defendant, Ramón Echeandía, may have in the following property: (Here follows a description thereof).''

Old and almost self-evident is the maxim, "no one may be deprived of his property without first having been heard and defeated in a trial," reiterated in countless decisions, not only in the United States and Spain but also in all civilized countries. The right to be heard, to have a day in court, is something consecrated and universal.

The ruling appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.